## CONSTRUCTION OF THE REQUIREMENT AS TO THE IMMEDIATE ENTERING OF JUDGMENT BY A JUSTICE.

Common Pleas Court of Franklin County.

W. F. GALBREATH v. STEPHEN HANSON.

Decided, January Term, 1915.

*Judgment by Justice of the Peace—Mandatory Requirement That It Shall be Entered Immediately, When.*

The provision of Section 10378, General Code, that when trial is had before a justice of the peace, judgment must be entered immediately after the close of the trial, if the defendant has been arrested or his property attached, is mandatory and requires that a judgment in such a case which was not entered immediately after the close of the trial must be reversed.

*J. M. Schooler* and *A. H. Johnson,* for plaintiff in error.
*Thomas & Hayes,* contra.

KINKEAD, J.

This is a proceeding in error to reverse a judgment of a justice of the peace, for alleged non-compliance with Section 10378 General Code. This provides:

"* * * When the trial is by the justice, judgment must be entered immediately after the close of the trial, if the defendant has been arrested or his property attached. In other cases, it shall be entered either at the close of the trial, or if the justice then desires further time to consider, on or by the fourth day thereafter, both days conclusive."

In this case, in which property was attached, the trial was had October 30th and 31st, and was continued for decision to November 2d, 1914, at which time decision was rendered.

Jurisdiction of justices being statutory must be followed strictly to constitute a proper exercise thereof. It has been the course of decision that a justice loses jurisdiction by continuing this class of cases beyond the date of concluding the trial for de-

cision. *Nicholson* v. *Roberts*, 4 N. P., 43; *Tussing* v. *Evans*, 17 C. D., 685.

This is a harsh and unjust rule, but it is none the less the duty of courts to enforce it. The clear proposition is whether the statute is directory or mandatory. A directory provision is one the observance of which is not necessary to the validity of the proceeding. A mandatory provision in a statute is one the omission to follow which renders the proceeding to which it relates illegal and void. The character of a statute, whether mandatory or directory, does not depend upon its form, but upon the legislative intent. This is to be found in the object and purpose of the act, and the consequences that may follow the two interpretations.

If a provision relates to some immaterial matter, compliance with which is a matter of convenience rather than substance; or if the directions of a statute are prescribed merely with a view to the proper, orderly, and prompt conduct of business, it is to be regarded as directory. It is familiar that the words "shall" and "must" are constantly used in statutes without regard to their literal meaning.

The provisions of Section 10378 seem clearly to indicate a mandatory character. They seem designed to specifically require that judgment *must* be entered *immediately* after close of trial, in cases where defendant has been *arrested or* his *property attached*. He is not given option in this class of cases to continue the case for further decision, as is done with reference to "other cases." The purpose is not to hold a person under arrest, or property attached beyond the date of trial. This purpose, together with the optional provision authorizing a justice to either decide at once, or to continue the case for a period of four days to consider it, clearly shows that it was not intended that the act was to be directory. It is mandatory, to be followed strictly.

The judgment is therefore reversed.